1  Andrea Darrow Smith, Esq. (SBN: 265237)
   andrea@westcoastlitigation.com
2  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
3
   **Hyde & Swigart**
4  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108-3551
5  (619) 233-7770
   (619) 297-1022
6
7
   Attorneys for Michael McDole
8
9
10              **UNITED STATES DISTRICT COURT**
11              **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| Michael McDole | **Case No:** '11CV1031 IEG  WVG |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Leading Edge Recovery Solutions, LLC | |
| Defendant. | |

20                        **INTRODUCTION**

21  1.   The United States Congress has found abundant evidence of the use of
22       abusive, deceptive, and unfair debt collection practices by many debt
23       collectors, and has determined that abusive debt collection practices
24       contribute to the number of personal bankruptcies, to marital instability, to the
25       loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair
26       Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter
27       "FDCPA"), to eliminate abusive debt collection practices by debt collectors,
28       to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

1  collection practices are not competitively disadvantaged, and to promote

2  consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system

4  and grantors of credit to consumers are dependent upon the collection of just

5  and owing debts and that unfair or deceptive collection practices undermine

6  the public confidence that is essential to the continued functioning of the

7  banking and credit system and sound extensions of credit to consumers. The

8  Legislature has further determined that there is a need to ensure that debt

9  collectors exercise this responsibility with fairness, honesty and due regard

10  for the debtor's rights and that debt collectors must be prohibited from

11  engaging in unfair or deceptive acts or practices.

12  3.  Michael McDole, ("Plaintiff"), through Plaintiff's attorneys, brings this action

13  to challenge the actions of Leading Edge Recovery Solutions, LLC,

14  ("Defendant"), with regard to attempts by Defendant to unlawfully and

15  abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

16  Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception

18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

19  Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint

21  alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, all the conduct engaged in by Defendant took place

23  in California.

24  7.  Any violations by Defendant were knowing, willful, and intentional, and

25  Defendant did not maintain procedures reasonably adapted to avoid any such

26  violation.

27  ///

28  ///

---

**Complaint**                                   - 2 of 10 -

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

11. Defendant conducts business in San Diego County and is subject to personal jurisdiction in San Diego County, therefore Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c).

**PARTIES**

12. At all times relevant Plaintiff was a resident of the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

HYDE & SWIGART
San Diego, California

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**PRIVACY PROTECTIONS IN THE FDCPA AND THE ROSENTHAL ACT**

18. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties …." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg.50097 (Dec. 13, 1988), at 50103.*

19. 15 U.S.C. § 1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> (b) Communication with third parties—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b deals with locating debtors who cannot be found.

20. Second, 15 U.S.C. § 1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "**[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681 a(t) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt**." Section 1681a(f) is the Fair Credit Reporting Act definition of consumer

**HYDE & SWIGART**
San Diego, California

1   reporting agency. Section 1681 b(3) is a Fair Credit Reporting Act provision
2   dealing with use of consumer reports. The Federal Trade Commission has
3   interpreted these provisions to bar publication to one or more persons: "Debt
4   collectors may not exchange lists of consumers who allegedly refuse to pay
5   their debts .... A debt collector may not distribute a list of alleged debtors to
6   its creditor subscribers."  *FTC Official Staff Commentary on the Fair Debt*
7   *Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.*

8   21.   Section l692e provides:

> **§ 1692e. False or misleading representations [Section 807 of
> P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing,
> the following conduct is a violation of this section:…
>
> (5) The threat to take any action that cannot legally be taken or
> that is not intended to be taken.…
>
> (10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer.…

### FACTUAL ALLEGATIONS

22.   At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23.   At all times relevant, Defendant conducted business within the State of California.

24.   Sometime before February 11, 2011, Plaintiff is alleged to have incurred certain financial obligations.

25.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

HYDE & SWIGART
San Diego, California

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before February 11, 2011, Plaintiff allegedly fell behind in the payments owed on a debt.

28. Subsequently, but before February 11, 2011, the now allegedly defaulted debt was purchased by, assigned to, placed, or otherwise transferred to, Defendant for collection.

29. On or about February 11, 2011, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

30. This dunning letter is hereinafter referred to in this Complaint as the "February 11, 2011 mailing."

31. Included with this February 11, 2011 letter to Plaintiff, Defendant included a document and communication that Defendant called a "Privacy Notice."

32. This February 11, 2011 mailing sought to collect debts allegedly incurred for personal, family or household purposes.

33. This February 11, 2011 mailing sought to collect money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

34. This February 11, 2011 mailing to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

35. This February 11, 2011 mailing was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

///

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

36.   The privacy notice included in this February 11, 2011 mailing, and referred to above, states as follows:

> **Information We May Collect.** The Sherman Companies may collect the following personal information:
>
> (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets;
>
> (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history;
>
> (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history; an
>
> (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.
>
> All of the personal information that we collect is referred to in this notice as "collected information".

37.   All of the information in the February 11, 2011 mailing is integrally related to debt collection.

38.   The privacy notice included in this February 11, 2011 mailing also states as follows:

> **Sharing Collected Information with Affiliates and Third Parties**
>
> **Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

1

2

3

4

5

6

> **Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

7   39.   Many of the uses listed in this privacy notice are prohibited by the FDCPA

8   and the Rosenthal Act, in that they threaten communicated with a person other

9   than the consumer, his attorney, a consumer reporting agency, the creditor, the

10   attorney of the creditor, or the attorney of Defendant.   Consequently,

11   Defendant threatens to violate 15 U.S.C. § 1692c(b), as well as Cal. Civ. Code

12   § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

13   40.   Through this conduct, Defendant threatened to take action that cannot legally

14   be taken or that is not intended to be taken.  Consequently, Defendant violated

15   15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

16   41.   In addition, several of the listed uses in this privacy notice amount to the

17   publication of lists of persons who have allegedly refused to pay debts, and

18   either still have not paid or were ultimately induced to pay. The actual

19   publication of such lists would violate 15 U.S.C. § l692d, as well as Cal. Civ.

20   Code § 1788.17, and the statement that Defendant will do so or has the right

21   to do so violates 15 U.S.C. § 1692e, as well as Cal. Civ. Code § 1788.17.

22   42.   Through this conduct, Defendant threatened to take action that cannot legally

23   be taken or that is not intended to be taken.  Consequently, Defendant violated

24   15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

25   ///

26   ///

27   ///

28   ///

*HYDE & SWIGART*
San Diego, California

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

48. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///

HYDE & SWIGART
San Diego, California

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 3, 2011              By: /s/ Andrea Darrow Smith
                              Attorneys for Plaintiff
                              Email: andrea@westcoastlitigation.com

**HYDE & SWIGART**
San Diego, California